# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

LUZ C. BROWNE, )
)
      **Plaintiff,** )
) **Civil Action No. 2018-0003**
      v. )
)
GOVERNMENT OF THE VIRGIN )
ISLANDS; VIRGIN ISLANDS )
LOTTERY; and GOVERNOR )
KENNETH E. MAPP, in his )
official and individual capacities, )
)
      **Defendants.** )
)

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Order to Show Cause entered on August 30, 2022 directing Plaintiff Luz C. Browne to show cause why this matter should not be dismissed for failure to prosecute. (Dkt. No. 27). For the reasons discussed below, the Court will dismiss Plaintiff's claims with prejudice for failure to prosecute.

### I. BACKGROUND

On February 13, 2017, Plaintiff filed her Complaint in this matter. (Dkt. No. 1). Plaintiff asserts claims under 42 U.S.C. § 1983 against the Government of the Virgin Islands, Virgin Islands Lottery, and former Governor Kenneth E. Mapp ("Defendants") on grounds that "Defendants intentionally deprived [Plaintiff] of her constitutional rights to free association and speech by

terminating her from her position [as a Senior Marketing Specialist at the Virgin Islands Lottery] for political reasons and without just cause." *Id.* at ¶¶ 8, 31.

On November 17, 2017, Defendants filed a Motion to Dismiss. (Dkt. Nos. 17, 18). Under the applicable Local Rules of Civil Procedure, the deadline for Plaintiff to respond to the motion was December 1, 2017. LRCi 7.1(e)(4) and 12.1(b) (2008).

On December 8, 2017—after the December 1, 2017 deadline for Plaintiff to respond to Defendants' Motion to Dismiss had passed without Plaintiff submitting her Response or requesting an extension of time to do so—Plaintiff then filed a "Motion for Extension of Time to Respond to Defendants' Motion to Dismiss *Nunc Pro Tunc*" ("First Motion for Extension"), in which she requested that her Response deadline be extended to December 15, 2017. (Dkt. No. 19). On November 16, 2018, the Court granted Plaintiff's First Motion for Extension *nunc pro tunc* and ordered Plaintiff to submit her Response by no later than December 7, 2018. (Dkt. No. 22).

Plaintiff then filed a "Second Motion for Extension of Time to Respond to Defendants' Motion to Dismiss" ("Second Motion for Extension") on December 7, 2018, in which she requested that the response deadline be further extended to December 14, 2018. (Dkt. No. 23). On May 22, 2019, the Court granted Plaintiff's Second Motion for Extension *nunc pro tunc* and ordered Plaintiff to submit her Response by no later than June 5, 2019. (Dkt. No. 24).

On June 7, 2019—after the June 5, 2019 deadline for Plaintiff to respond to Defendants' Motion to Dismiss had passed without Plaintiff submitting her Response or requesting an extension of time to do so—the Court entered an Order advising Plaintiff that the deadline had passed and extending the response deadline, *sua sponte,* to June 17, 2019. (Dkt. No. 25). That deadline passed without Plaintiff submitting her Response or requesting an extension of time to do so.

On August 30, 2022, the Court ordered Plaintiff to show cause by no later than September 8, 2022, as to why this matter should not be dismissed for failure to prosecute. (Dkt. No. 27). That

deadline also passed without Plaintiff showing cause or requesting an extension of time to do so.

To date, Plaintiff has not filed her Response to Defendants' Motion to Dismiss, nor has she responded to the Court's Order to Show Cause. Defendants' Motion to Dismiss has now been pending for nearly five years, and Plaintiff has taken no tangible steps to advance her case during this time.

## II.   APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 41(b) provides that a court may involuntarily dismiss an action based on a plaintiff's failure to prosecute or to comply with a court order. Dismissal under Rule 41(b) is often preceded by a motion from a defendant. However, the Third Circuit has recognized that a district court has the authority to dismiss a case *sua sponte*, provided that the plaintiff is provided with an opportunity prior to dismissal to explain her reasons for failing to prosecute the case or to comply with a court order. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)).

Generally, before a court may dismiss a case for failure to prosecute, it must first consider the factors that the Third Circuit has set forth in *Poulis v. State Farm Fire and Casualty Company*. 747 F.2d 863, 868-69 (3d Cir. 1984); *Nieves v. Thorne*, 790 Fed. App'x 355, 357 (3d Cir. 2019). Those factors are: "(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Briscoe*, 538 F.3d at 258 (emphasis in original) (internal quotation marks omitted) (quoting *Poulis*, 747 F.2d at 868). No one factor is dispositive in the balancing analysis. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013); *DDRA Capital, Inc. v. KPMG, LLP*, No. 04-CV-00158, 2018 WL 813430, at *2

(D.V.I. Feb. 9, 2018) (citing *Briscoe*, 538 F.3d at 263). District courts are required "to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction." *In re Asbestos Prods.*, 718 F.3d at 246. However, there is no requirement that "all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007). Ultimately, it is within the district court's discretion to invoke dismissal pursuant to Rule 41(b). *Honore v. United States Dep't of Agric.*, No. 16-CV-00055, 2020 WL 1963939, at *2 (D.V.I. April 22, 2020).

### III. DISCUSSION

#### A. The *Poulis* Factors

With respect to the first *Poulis* factor—extent of a party's personal responsibility—courts look to whether the party herself, as distinct from her counsel, is personally responsible for failing to advance her case. *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).

Here, Plaintiff is represented by counsel and there is no indication that Plaintiff herself bears personal responsibility for her counsel's inability to meet deadlines and comply with the Court's orders. *See Parks v. Ingersoll-Rand Co.*, 380 Fed. App'x 190, 194 (3d Cir. 2010) ("Here, there is no evidence that Parks bears personal responsibility for the action or inaction which led to the dismissal . . . Therefore, this factor weighs against dismissal."); *Ware Commc'ns, Inc. v. Rodale Press, Inc.*, No. 95-CV-05870, 2002 WL 89604, at *3 (E.D. Pa. Jan. 23, 2002) (declining to hold party personally responsible where no record evidence suggested party was personally responsible for delays in the case), *aff'd sub nom. Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3d Cir. 2003). *Cf. Briscoe*, 538 F.3d at 258-59 (holding party personally responsible where party proceeded *pro se*); *Adams*, 29 F.3d at 973 (holding party personally responsible for delays caused by party's in-house counsel).

Accordingly, the Court finds that the first *Poulis* factor weighs against dismissal. However, "this factor is not conclusive 'because a client cannot always avoid the consequences of the acts or omissions of its counsel.'" *DDRA Capital, Inc.*, 2018 WL 813430, at *2 (quoting *Poulis*, 747 F.2d at 868); *see also Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 542 (E.D. Pa. 2006) ("While [the plaintiff's] counsel may bear the bulk of the responsibility for failure to prosecute this case, [the plaintiff] could have taken steps to advance her litigation, even if she had to retain new counsel to do so.").

Next, the Court considers the second *Poulis* factor—prejudice to the adversary. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 875 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). As to whether burdens or costs were imposed on the adversary, courts look at the "extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs." *Mendez v. Puerto Rican Int'l Companies, Inc.*, Civ. No. 05-174, 2013 WL 5460438, at *5 (D.V.I. Sept. 27, 2013) (quoting *Andrews v. Gov't of Virgin Islands*, 132 F.R.D. 405, 412 (D.V.I. 1990), *aff'd*, 935 F.2d 1280 (3d Cir. 1991)) (internal quotation marks omitted).

There is no indication that Defendants have incurred "extra costs" as the result of the delay. *See id*. Nonetheless, Plaintiff's actions have caused this case to be delayed for nearly five years. Courts have noted that sheer delay can prejudice a defendant. *See Beaver Res. Corp. v. Brawand*, 618 Fed. App'x 736, 739 (3d Cir. 2013) ("[The plaintiff's] delays prolonged this case nearly three years. As a result, it is likely that [the defendant's] litigation costs were increased, and witnesses whose testimony at trial would have been valuable are now deceased."); *Chiang v. Vilsack*, No. 13-CV-00082, 2018 WL 4658675, at *2 (D.V.I. Sept. 27, 2018) ("[T]he Court concludes that this factor weighs somewhat in favor of dismissal because the sheer length of the delay in this case

5

suggests prejudice to Defendants."); *Mendez*, 2013 WL 5460438, at *5 ("Excessive delay may create a presumption of prejudice."). Accordingly, the Court finds that, despite the absence of evidence that extra costs were incurred by Defendants, the second *Poulis* factor weighs in favor of dismissal due to the excessive delay in this matter and the consequences that often result from such delay—including the dimming of witnesses' memories.

The third *Poulis* factor requires the Court to consider whether there has been a history of dilatoriness on Plaintiff's part. "The conduct for which dismissal is sought 'must be evaluated in light of [a party's] behavior over the life of the case.'" *DDRA Capital*, 2018 WL 813430, at *3 (quoting *Adams*, 29 F.3d at 875). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260 (internal quotation marks omitted) (quoting *Adams,* 29 F.3d at 874).

In this case, Defendants filed their Motion to Dismiss on November 17, 2017. (Dkt. Nos. 17, 18). Plaintiff missed the initial response deadline. LRCi 7.1(e)(4) and 12.1(b) (2008). Plaintiff then filed two requests for an extension of time to respond (Dkt. Nos. 19, 23), both of which the Court granted (Dkt. Nos. 22, 24). Plaintiff missed both of these extended deadlines. The Court then extended the response deadline *sua sponte*. (Dkt. No. 25). Plaintiff missed that deadline also. Finally, the Court ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute (Dkt. No. 27)—and Plaintiff missed the show cause deadline as well. To date, Plaintiff has not responded to either Defendants' Motion to Dismiss—notwithstanding multiple extensions of the deadline—or the Court's Show Cause Order. Defendants' Motion to Dismiss has now been pending for nearly five years.

This record reflects a remarkable history of dilatoriness and failures to abide by the Court's Orders—failures that the Court takes seriously. *See Poulis*, 747 F.2d at 868 ("Time limits imposed

by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable."). Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

Under the fourth *Poulis* factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875. Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Hudson v. Coxon*, 149 Fed. App'x 118, 120 (3d Cir. 2005) ("Willful is not synonymous with intentional. Rather, conduct is willful if it exhibits signs of strategic or self-serving behavior."). "Merely negligent or inadvertent behavior does not rise to the level of willful or bad faith conduct." *Sanford v. Bracewell LLP*, No. 13-CV-01205, 2017 WL 2797869, at *10 (E.D. Pa. June 27, 2017) (citing *Poulis*, 747 F.2d at 868-69).

The Court has granted Plaintiff three extensions of time to respond to Defendants' Motion to Dismiss. Despite these extensions, Plaintiff has not responded to Defendants' Motion to Dismiss to date, nearly five years after it was filed. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause as to why this matter should not be dismissed for failure to prosecute. (Dkt. No. 27). Given that Plaintiff is clearly aware of her filing obligations—as evidenced by the fact that Plaintiff has filed multiple requests for extensions of time—the Court can only conclude that Plaintiff has willfully *chosen* not to respond. *See Chiang*, 2018 WL 4658675, at *2 ("The record establishes that Plaintiffs were aware of Defendants' Motion to Dismiss and of their obligation to timely respond to the Motion, as they twice sought extensions of time to file their response. Nonetheless, Plaintiffs neglected their obligation—seemingly willfully—and have yet to file a response approximately four-and-one-half years later."); *Sanford*, 2017 WL 2797869, at *10 ("When the plaintiff has failed to comply with instructions of the court directing the plaintiff

7

to take specific actions in this case, the court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for th[e] case and the court's instructions." (internal citations and quotation marks omitted)); *Hayes v. Nestor*, No. 09-CV-06092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor." (internal citations and quotation marks omitted)). Accordingly, the Court finds that the fourth *Poulis* factor weighs in favor of dismissal.

With respect to the fifth *Poulis* factor—the effectiveness of alternative sanctions—"[a] District Court must consider the availability of sanctions alternative to dismissal." *Briscoe*, 538 F.3d at 262. The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses." *Titus v. Mercedes-Benz of N. Am.,* 695 F.2d 746, 759 n.6 (3d Cir. 1982).

Given the absence of a response to Defendants' Motion to Dismiss for nearly five years, the absence of a response to the Court's Order to Show Cause, and the fact that the Court has already accorded Plaintiff substantial leniency in granting multiple requests for extension of time, the Court has no reason to believe that alternative sanctions would change Plaintiff's pattern of dilatory behavior. Thus, the Court sees no viable alternatives to dismissal under the circumstances here. *See Parks*, 380 Fed. App'x at 195 ("[The plaintiff's] counsel had already failed to respond to a court order threatening sanctions. In this case, there existed no effective alternatives to dismissal that would have allowed the District Court to manage this case and its docket."); *Chiang*, 2018 WL 4658675, at *3 (finding fifth *Poulis* factor weighed in favor of dismissal where Plaintiff failed to respond to a motion to dismiss for two-and-one-half years and then failed to respond to court's order to show cause); *Allahar v. Clinical Lab., Inc.*, No. 11-CV-00001, 2016 WL 237102, at *6

(D.V.I. Jan. 20, 2016). ("[The plaintiff] was aware that her failure to comply could result in dismissal of her action. She has remained completely unresponsive to that and other Court Orders. Under these circumstances, the Court has no reason to believe that 'keeping the case open while applying alternative sanctions' would prompt [the plaintiff] to proceed with the case." (quoting *Parks*, 380 Fed. App'x at 195)). Accordingly, the Court finds that the fifth *Poulis* factor weighs in favor of dismissal.

The sixth and final *Poulis* factor is the meritoriousness of Plaintiffs' claims. Under *Poulis*, a district court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *Briscoe*, 538 F.3d at 263; *see Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.").

Defendants argue in their Motion to Dismiss that the Court lacks personal jurisdiction over them, that service was not proper, and that Plaintiff's Complaint fails to state a plausible claim for relief, pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 18). Plaintiff's failure to respond to Defendants' Motion to Dismiss leaves the Court without the benefit of Plaintiff's position on the defenses asserted, thus stymying the Court's ability to properly assess this factor. Thus, the Court finds that this factor is neutral and does not weigh in favor of or against dismissal. *See Chiang*, 2018 WL 4658675, at *2 (declining to weigh the sixth *Poulis* factor where the plaintiff failed to respond to defendants' motion to dismiss); *Tutein v. Insite Towers, LLC*, No. 12-CV-00071, 2016 WL 373952, at *5 (D.V.I. Jan. 29, 2016) ("In view of the arguments made in Defendant's previously filed Motion to Dismiss . . . the Court will not prematurely opine on the merits of Plaintiffs' claims. Because the Third Circuit has 'never held that *Poulis*' sixth factor is determinative,' the Court finds that this factor is neutral." (citing *Hudson*, 149 F. App'x at 120 n.2)).

9

### B. Dismissal With Prejudice

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "Unless otherwise stated, dismissals under Rule 41(b) are with prejudice." *Matta v. Gov't of Virgin Islands*, No. 11-CV-00091, 2016 WL 122954, at *1 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); *see also Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) ("For *voluntary* dismissals [under Rule 41(a)], the default rule is that a plaintiff's first dismissal is without prejudice . . . For *involuntary* dismissals, the default rule is the opposite. Unless the dismissal order states otherwise, it operates as an adjudication on the merits and so . . . involuntary dismissals are presumptively with prejudice." (emphasis in original) (internal quotations and citation omitted)).

Here, four of the six Poulis factors weigh in favor of dismissal, one factor is neutral, and one factor weighs against. The Court finds that dismissal with prejudice is appropriate under the circumstances here, especially given the significant length of time that Plaintiff has been unresponsive. *See Allahar*, 2016 WL 237102, at *6 (dismissing case with prejudice where "the Court [] found that all but one of the *Poulis* factors weigh in favor of dismissal, and the remaining factor is neutral"); *Chiang*, 2018 WL 4658675, at *3 (dismissing case with prejudice where only one *Paolis* factor weighed against dismissal).

### IV.   CONCLUSION

In sum, the Court finds that dismissal with prejudice is appropriate under the circumstances in light of Plaintiff's failure to respond to Defendants' Motion to Dismiss for nearly five years, failure to respond to this Court's Order to Show Cause, and failure to otherwise take steps to advance her case. Accordingly, Plaintiff's claims against Defendants will be dismissed with prejudice for failure to prosecute.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2022                                   _____/s/_____
                                                          WILMA A. LEWIS
                                                          District Judge